Good morning, Illinois Appellate Court First District Court is now in session the third division the Honorable Justice Nathaniel House presiding case number 17-2249 people versus Michael Johnson Good morning, everyone This case is being conducted via zoom because of the kovat crisis. My name is Nathaniel house I'm a judge on the appellate court and presiding over this case with me. Our justice is Margaret McBride and David Ellis We have Modified our procedure because it's being held by zoom each side will get 10 minutes of uninterrupted presentation time And after that time is expired The justices will have an opportunity to ask their own questions and following that the appellant will be given a short Uh Rebuttal period and the judges will again have an opportunity to ask the party any additional questions Does anyone have any? Uh questions about how we're going to proceed No, no, okay uh with the parties we're going to represent the Uh parties today the attorneys who are going to represent the parties, please state their names for the record My name is Marie Harrigan. I represent Michael Johnson in this case Good morning, Janet Mahoney on behalf of the people of the state of Illinois Okay. All right with that miss Harrigan. You may proceed when you're ready Hey, um your honors the critical question this morning that must be decided is whether Michael Johnson's guilty plea was knowing involuntary We contend that in his second stage post-conviction petition. He made a substantial showing that it was not Where he pled guilty without knowing the full ramifications or being informed of the merits of the motion to suppress Which was filed but then withdrawn by council And he was not aware of the fact that any fourth amendment Claims would be waived council did not tell him that um Indeed council was Arguably ineffective for withdrawing the motion here where it had a reasonable probability of success And absent the blood alcohol results the state would not have been able to prove this count of its case Therefore we need an evidentiary hearing to flush out this claim In tallah versus henderson the united states supreme court Held that under most circumstances the defendant waives any independent constitutional claims when he pleads guilty however, he may Allege that attacked the voluntary and intelligent nature of his guilty plea showing that he received erroneous advice from trial council Our appellate court has applied these principles in the cases of people versus miller, which I have cited in my brief In that case defendant filed defense council filed a motion to suppress um, but failed to argue a third-party consent For the search of a duffel bag inside of a locked storage cabinet The defendant lost the suppression motion and he went on to plead guilty He challenged his guilty plea and the miller miller court agreed With the defendant in that case that under tallit trial council's failure to properly litigate the motion Resulted in ineffective assistance of council and rendered Miss the defendant in that case rendered his plea involuntary In this case, we have a little bit of a different situation council didn't litigate her motion. She withdrew it before the hearing However, her failure to discuss the ramifications of those actions and the merits of the motion deprive johnson of his right to a knowing voluntary guilty plea The state argues that because mr Johnson was adequately admonished under supreme court rule 402 and that there were numerous continuances Prior to the date where this motion was supposed to be heard Those facts belie his claims and show that the claims were waived First of all nothing in the 402 admonishments Even if given correctly Cures the problem of defendant being misinformed of the strength of the state's evidence Mr. Johnson made a substantial showing made a claim that he was so misinformed in this case moreover The number of continuances sheds no light on the communications between council And mr. Johnson or lack thereof therefore this cries this case actually cries out for hearing on these issues The facts that we do know support a finding that johnson was prejudiced where the motion to suppress Uh was withdrawn where it had a reasonable probability of of success Again, it is undisputed that was also recognized by the trial court by the way in dismissing when he dismissed the Mr. Johnson's petition. He did say he agreed with him on some of his legal points However here it's indisputed undisputed that the blood draw was non-consensual Where we required that? Mr. Johnson be drugged with anti-psychotic and anti-anxiety medications And restrained before the blood draw could be taken The facts here also support a conclusion that there were no exigent circumstances which required this type of treatment of mr. Johnson Their exigent circumstances may exist when there's a risk that the blood alcohol level could dissipate and maybe some other factors such as health and safety and the interest of law enforcement Would take priority over any warrant application here. There was no such risk In fact the record shows but based on the grand jury testimony of one of the officers that mr. Johnson was transported to the hospital almost Very shortly after the accident and a short police chase There certainly would have been time to at least to apply for a warrant in this case the decision in people versus armor provides a guideline for how we would Analyze the question of whether there were exigent circumstances in a case in armor Defendant was in a single car rollover accident. He was found wandering around Near the scene of the accident bloody he was taken to the hospital And his blood was drawn while he was unconscious two hours after the accident The appellate court held that since there were several officers involved in the investigation One of the officers could have applied for the warrant and there was no danger of dissipation similarly similarly in this case, there were numerous officers involved in the accident scene and the Police chase of mr. Johnson. One of those officers could have applied for a warrant in this case Finally the question of probable cause for arrest is different than whether exigent circumstances obviated the need for a warrant Even if there were probable cause that mr Johnson was under the influence that he was involved in an accident where somebody's death was caused Even under mcneely eubanks and the more recent case of mitchell versus wisconsin The warrant requirement is not obviated by statute or case law unless exigent circumstances were present from the facts on the record They were not therefore pretrial Motion to suppress arguably would have been successful This brings us back to the ultimate question of the voluntary nature of mr. Johnson's plea Johnson made a substantial showing again that the motion would have been successful In his petition he claimed that he was not informed as to the merits of the motion Or that he'd be waiving these claims by pleading guilty Pleading guilty to the very charge that the state would not would have been unable to prove had this motion gone forward and succeeded Under these circumstances this court should reverse the dismissal of mr Johnson's second stage post conviction petition and remand this cause for a third stage evidentiary hearing Thank you Thank you Thank you, miss harrigan justice mcbride, do you have any questions yes Miss harrigan. Um You say there's a reasonable probability of success on this motion but in eubanks uh, the illinois supreme court first of all said that that that section 501 I You know, there's probable cause officer has probable cause to arrest for driving under the influence of alcohol involving death that the uh the police may obtain a Non-consensual blood draw. Is that true? That the eubanks court found that that statute was not unconstitutional on its face. That's right. It reversed the appeal court's decision Well, it it allows the the officers to to obtain a blood sample and the state in this case I think agreed that they would have they would have uh stipulated at the hearing That this was non-consensual, isn't that right? That's true All right. So there were five there were five charges here two of which don't involve any bac Aggravated driving under the influence was one of the charges uh That did not require any bac. Are you you're aware of that, right? Yes There were five counts that he originally had pending The the first one which he received the longest sentence on Was leaving the scene of a motor vehicle accident involving death. So again that didn't require any testimony about alcohol Or at least not a bac Correct, correct. Yeah, you don't have to be drunk if you leave an accident where somebody died Uh, that's a felony and he was charged with that correct All right, so how is this lawyer ineffective when the defendant was facing five charges and One of them that they agreed to with his lawyer was the the bac But there was another charge that required absolutely no testimony about a bac So in exchange for nollying three counts this lawyer got a deal for the minimum on both of those offenses Again your honor the the claim in the post-conviction petition by mr. Johnson was that His plea was not knowing involuntary because he wasn't aware of The potential success of this motion and that that's a decision that He he that's his to make whether it's a trial or not Well, whether to to proceed on a motion is not his decision. That's that's generally trial strategy Isn't it Correct, but in order to have be in make an informed decision about whether to plead or not the attorney has to inform the defendant about the strength of the state's evidence of when he's weighing this decision and In failing to mr. And again, this is second stage where mr. Johnson said he was not aware Of the legal basis and and the possible success of this motion It would have affected his decision to plead guilty I there's no judgment about what type of decision that would have been but it would be it would have been his And it has to be informed. Okay. Well in in people versus brown didn't the illinois supreme court say that when you're Challenging a plea at on a post conviction with no direct appeal that you actually have to show uh actual innocence or a valid a valid defense to the charges You don't discuss that case I don't think in your brief no But that that's the illinois supreme court speaking. But in this case you're saying there's a reasonable probability of success when under eubanks the statute permitted the police to get the blood draw There was exigent circumstances in eubanks The court points out that in the vast vast vast majority of all cases where alcohol is involved The danger of dissipation is evident in this case His bac was 0.086 Obviously there had already been some dissipation so isn't this a eubanks case straightforward Not necessarily right. There's still the statute although it allows for the non-consensual blood draw It does not say that in fact the eubanks court cautioned the legislature that This does not obviate the need to make a finding of exigent circumstances or not, even though it would be rare It does it even though the statute is not unconstitutional on its face It was found unconstitutional as applied in eubanks. And so there's a possibility that that could have happened here You have two factors here that would clearly show No probability of success the statute allowing The the officers to get the blood draw because of the probable cause I mean wasn't there evidence you say it was a short chase Wasn't there evidence of an eight mile? Chase on on interstate 94 with speeds going over 100 miles There was evidence of a chase Yes, there was evidence such a chase but the timing of it And we don't have the exact timing because there was not a hearing on the motion But the timing that we do know Based on his officer's testimony in the grand jury that the state cited to in its brief It was minutes late after the accident. They followed the defendant. They never lost sight of the defendant They brought him immediately to the hospital after he'd been taken into custody and he crashed into another car Which was he did would be suggestive that he should have been taken to the hospital There's no evidence again that there was any injury to him When you smash into a car at 100 miles an hour I think that it's it's reasonable to even assume but anyway forgetting that armor this armor case Uh, isn't that questionable in light of mitchell versus wisconsin in armor? It was a single vehicle accident a motorcyclist Crashed his own motorcycle He was unconscious as well and under mitchell versus wisconsin the u.s Supreme court said that when you have an unconscious person That that is one of the factors that will allow for the the blood draw without consent Because you have a person who's unconscious And they can't consent and if you don't get the draw you have this again this problem of losing evidence of alcohol Involving a motor vehicle accident with death well armor is still armor is still good law and uh, and and um Wisconsin mitchell versus wisconsin did not obviate the need to make a determination of evidence circumstances It talked about unconsciousness as one factor, but you still have that determination still has to be made And the fact is that the defendant was uninformed We're still getting back to the fact whether his guilty plea was voluntary because he was not informed about the True merits of this motion, which even again the trial court indicated that he agreed with the defendant on some of his legal points All right. Well, this is my last question. Um The trial court said here the record refuted these claims the defendant in this case as you recall At his plea of guilty thanked his lawyer thanked the state apologized to the family admitted. He was under the influence admitted. He was Uh over 0.086 and the trial judge in the end said Your your claim about the motion Is refuted by the record you could not prevail based on everything that you've already said Um again your honor if he was not told the proper Advice by counsel about this motion. He might not have known that at the time however, he did know this when he came and filed his timely post-conviction petition he Discovered new information And filed the post-conviction petition petition saying I was not properly informed So my guilty plea was not knowing involuntary and I would not have pled guilty given the right advice I have no other questions at this time Thank you, justice mcbride, uh, justice ellis. Do you have any questions? No, I do not Okay, uh, I believe just Justice mcbride ably answered all the questions that I have so I don't have any more with that we can go to uh miss Mahoney Thank you Good morning again. Janet mahoney on behalf of the people of the state of illinois The issue before the court is whether counsel was ineffective when he didn't pursue the motion to suppress Or discuss the motion to suppress with the defendant At the time the defendant pled guilty and whether that rendered the plea involuntary But in order to assess this we need to first consider What is the actual plea deal and whether defendant was actually prejudiced by his counsel's representation? While defendant pled guilty to aggravated dui under count two which required that defendant's bac be 0.08 or greater He also had been charged in count three with aggravated dui Which alleged the defendant was under the influence of alcohol? In fact, this is what the charge in the citation is issued by the trooper was This count did not require proof of the amount of alcohol in defendant's blood And there was an abundance of evidence to show defendant was under the influence of alcohol when jennifer mitchell was ejected from his car This included defendant's failure to stop The 100 mile per hour chase he led state troopers on Evidence that he crashed into a car during the chase evidence that he fled that crash site on foot Observations made by the troopers the paramedics who transported him to the hospital and the hospital staff Which included the observations the defendant was combative And we cannot forget the defendant admitted at the arguments on the motion to dismiss the post-conviction petition That he had been drinking at the time. He was driving miss mitchell Certainly, he and his attorney had spoken about whether he had consumed alcohol before he pled guilty Given the evidence the defendant was guilty of count three. It did not matter whether the blood and urine results were suppressed This was reason alone for defendant to take a plea deal for the minimum available sentence before hearing on the motion to suppress But this isn't the only reason The record demonstrates the defendant would not have prevailed on the motion to suppress First it's not entirely clear But it indicates on the record the defendant was being treated medically when his blood and urine were collected If it was collected by the hospital, this is a private search and the fourth amendment is not implicated in a private search But even if the state trooper ordered the hospital to draw the blood and urine Such an order did not violate defendant's fourth amendment rights where exigent circumstances justified the order Again defendant was driving when jennifer was ejected from his vehicle A truck drove over jennifer killing her Defendant began to pull over but then took off and was pursued by multiple state troopers for eight miles It speeds up to 100 miles per hour Defendant again was involved in a car accident as he tried to evade the police and he fled the accident scene When he was apprehended he was immediately taken to the hospital for treatment Defendant was combated and once at the hospital medical staff treated him The exigent circumstances here involved more than a concern about the dissipation of alcohol in the blood The exigent circumstances also involved more than a concern about the death that occurred while defendant was driving under the influence It involved defendant's immediate transportation to the hospital for medical treatment his combative behavior The medical treatment he was receiving and the impact defendant's medical crisis would have had on the results of any blood or urine draw As well as consideration of the need for the police to adequately investigate the death that had occurred on a highway The totality of the circumstances in this case established that exigent circumstances justified the warrantless blood and urine drops There was no likelihood defendant would have prevailed on the motion to suppress And as a result defendant could not have been prejudiced by his attorney's representation It is also apparent from the cases cited by defendant That the good faith exception applied and the defendant could not have prevailed on the motion as a matter of law Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule In february 2013 when defendant's blood and urine were taken in the hospital Schmerber, which was followed in illinois in illinois statute allowed police to order a warrantless non-consensual draw of a DUI suspect's blood and urine When the offender's blood alcohol content was dissipating and there was a traffic accident causing death It was not until Eubanks in 2019 That the illinois supreme court stated that there may and I emphasize may Need to be more in some cases than a concern about the dissipation of alcohol in a death In order to obtain an offender's blood and urine when the offender had to be restrained So at the time of the defendant's blood and urine were taken the police had a good faith basis to order the warrantless blood and urine tests Even where the defendant needed to be restrained to get it As a result the blood and urine tests were admissible and defendant was not prejudiced by his attorney's representation On a final note Uh it the state feels compelled to inform the court that it also appears as if defendant has served his sentence in period of msr I'm, not entirely certain of that, but it appears to be that way The ultimate relief he's seeking in this case is the withdrawal of his guilty plea Should that happen the case would return to the trial call The nallypras charges would be reinstated and the case would resume Given the strong evidence of defendant's guilt of count three And evidence that defendant probably would lose his motion to suppress Defendant is exposing himself to the possibility of receiving a greater sentence than what he received in the plea deal For all of those reasons the people ask that this court affirm the second stage dismissal Because the record shows the defendant was not prejudiced by his counsel's failure to pursue the motion to suppress Or by any failure to discuss the likelihood of prevailing on that motion with the defendant Thank you, miss mahoney, uh justice mcbride, do you have any questions one area of inquiry um I don't agree that this was a hospital search Um, doesn't the evidence suggest that the officers? Asked for him to be sedated so they could do this blood draw There's an allegation in the motion, but again, that's just an Unproven allegation. We don't have the medical records. And of course, obviously there was no motion so It suggested that it's possible that it was actually already drawn by the hospital before the warning tomorrow All right. Thank you. That's all I have Thank you, justin mcbride justice ellis uh, just briefly, um, thank you, miss mahoney, um, I I was curious about the same topic that justice mcbride talked about I did not think there was any suggestion in the record that this was a hospital search you're saying that the allegation in the post-conviction petition uh was Unproven, is that what I understand you to be saying? No, i'm saying that the allegation and the motion to suppress which is where that's coming from And it's just there as a suggestion that that's not entirely clear from the record and that council Would have been aware of all this council actually cited people versus mcneeling in the motion to suppress council was on top of the issue And and despite being on top of the issue Um spoke to her To the offender and they came to this plea agreement and that was done under appropriate council advice Is it is it Is it your position that if this blood had been drawn by the hospital But then the police seized it and used it that that would not have a fourth amendment implication to it, correct And then alternatively even if Even if the trooper ordered the the blood and urine draws There were exigent circumstances which justified that order. No, I understand that. Okay. Thank you very much All right. Thank you. Justice. Ellis The only question I have the fact that we don't know the circumstances of this blood draw We're asking the questions. Just look right ahead a question about the circumstances justice ellis's questions Uh were about the surrounding circumstances of the blood draw Those questions did not justify us fleshing out the facts at a evidentiary hearing No, because that's only one of three reasons why he wouldn't prevail on this motion The second being the exigent circumstances justified the blood and urine draw And the third being the good faith exception that applied here And i'm sorry one other point is that We also have that count three of the indictment that didn't require a showing of a specific amount of alcohol in the blood All right I have nothing else. Uh, justice mcbride justice ellis All right, very well, um, miss harrigan. You'll have a short period of time for rebuttal. You may proceed when you're ready Okay. Thanks your honors. Um Just a few points. Um the uh, my opponent, um talks a lot about The what would have happened at trial and he would have been found guilty And this was a better deal and all this and all of these factors The factor that we're relying on here is he was not He was not informed Of the merits of this motion by his attorney. This is his unrebutted allegation in his post-conviction petition And therefore his guilty plea was involuntary. We need a hearing on those facts We're not asking for a reversal of the conviction here We're asking for a hearing on those facts and whether he not or not he got a better deal Than he would have gotten had he gone to trial That's his decision to make going to trial is a fundamental decision that a defendant gets to make we don't Make judgments about the wisdom of those decisions, but that was his decision to make he claims He would have made a different decision had he been informed properly and when he filed this post-conviction petition He was more aware of this law on fourth amendment and he was able to say I wasn't told this prior to trial It is not clear at all from the record the record does not support any Notion that this was a hospital blood draw at all The only place I found that in the record is in the state's motion to dismiss the post-conviction petition It was however alleged in the motion to suppress that this was a hospital This was a law enforcement order blood draw and he was restrained and drugged to get this blood to get this blood This is a serious violation of privacy And even under jones, which is the old overruled case from 2005 The court talked about you cannot use physical force even with a non-consensual blood draw. This was not physical force He was restrained and drugged um And it wasn't it was well before eubanks that this became the law the law had been developing McNeely was decided in 2013 So it was not all of a sudden in 2019 that the cops had to consider exigent circumstances in these in these situations So for the reasons i've argued today and in my brief I respectfully request that your honors reverse the dismissal of my client's post-conviction petition and just remand this for an evidentiary hearing So we can get the facts on this case. Thank you Thank you, justice. McBride. Do you have anything else? No, I don't Justice ellis. Do you have any questions? No, I do not Just one question this defendant seemed extremely remorseful Uh at the plea and uh It's almost as if he wanted to get this done with and regardless of what the motion would have done He wanted to get this behind him. Could that be a fair interpretation of this record? He apologized to the parents he admitted What he did could that just be Indication that it didn't matter about the motion. He was ready to get this behind him again Possibly but if he had made that choice with and not knowing All the ram about the The merits of the motion notwithstanding whether he waived it or not Even just the merits of that motion if he if he was misinformed by defense counsel his plea was involuntary despite the fact that he had remorse that his This was a friend of his that died in this car accident So i'm not you know The question of remorse is not relevant to whether someone wants to go to trial or plead guilty in this posture with the post-conviction petition All right, if no one else has any other questions, um All right The case will be taken under advisement and the decision will be Entered in due course. The case was well argued very interesting and well briefed